## DAVID BRADFORD *vs.* WILLIAM HILLIARD.

*Error from Madison Circuit Court*—Before the Hon. JOHN WHITE.

---

Where a summons is issued by a Justice of the Peace, describing the cause of action, sued on as a "promissory note," and on an appeal it proves to be a writing under seal or "bond," such variance is not fatal. The statute of 1817 cures the defect.

This was a case brought before a justice of the peace, to recover an amount due on a single bill. Judgment was given against the defendant, and an appeal taken to the Circuit

Bradford
vs.
Hilliard.

Court. The summons issued by the justice, set out the cause of action as being a debt due on a "promissory note." The statement filed in the Circuit Court, described the cause of action as a "bond." On the trial of the cause, the defendant craved oyer, and a writing obligatory, under the hand and seal of the defendant was produced. The defendant, on the production of this instrument, refused to plead, alleging variance, in that, the cause of action mentioned in the statement, and offered in evidence, was not that, on which the original summons had issued. The court sustained the defendant, and non-suited the plaintiff.

An exception being taken to the opinion of the court, the same was here assigned for error.

S. PARSONS, and
HOPKINS, for Plaintiff.

By Mr. Justice THORNTON :

This cause originated by warrant, before a justice of the peace, in which, the instrument of writing sued on, was described as a promissory note. From the judgment of the justice, an appeal was taken by the defendant to the Circuit Court of Madison county, where a statement was made out by the plaintiff, according to the practice under the act regulating appeals from justices of the peace, and the instrument sued on, described as a bond or writing obligatory. Objection was made by the defendant, to the statement of the plaintiff's cause of action, for this variance in the description of the instrument, as set out in the warrant and statement. The court sustained this objection, and for want of a sufficient statement, rendered judgment for the defendant. The only question arising in the record, is, whether in making up the issue for trial *de novo*, the plaintiff could allege as his cause of action, a debt due by bond, when the warrant demanded the debt as due by promissory note. If, when a case is brought, by an appeal from a magistrate to the cir-

cuit or county court, the warrant, &c. is to be considered as a writ; and the statement of a plaintiff preparatory to an issue, as a declaration, and the same rules of pleading are applicable to each; even then, according to the case of *Byum* and *Hall*,[a] decidedby this court, the defect would not be substantial. But the extensive influence of the act of 1817,[b] which directs the court, before whom appeals from justices shall be brought, to proceed to try the same according to the justice and equity of the case, without regarding any defect in the warrant, capias, &c. is considered to embrace and cure all defects like this. The justice and equity of the case are certainly on the side of the plaintiff; for whether it be a bond or note, without some plea to the merits, the defendant ought to be made to pay. it, and it being a bond, as the record shews, the plaintiff could not introduce it in evidence, so as to obtain a judgment without describing it as such in his statement of the grounds of action. Let the judgment be reversed, and the cause remanded.